UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REGINALD JOHNSON | CIVIL ACTION |
| VERSUS | NO. 17-4647 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (2) |

**ORDER AND REASONS**

Before the Court is BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.'s, (collectively, the "BP parties"), motion for summary judgment.[1] Plaintiff opposes the motion.[2]

For the following reasons, the Court grants defendants' motion for summary judgment.

**I.  BACKGROUND**

This case arises from plaintiff's alleged exposure to toxic chemicals following the *Deepwater Horizon* oil spill in the Gulf of Mexico. Plaintiff alleges that he was exposed to crude oil and dispersants from his work as an

---

[1]  R. Doc. 38. The remaining defendants also join the BP parties' motion for summary judgment. R. Doc. 38 at 1 n.1.
[2]  R. Doc. 39.

1

onshore cleanup worker.[3]  Plaintiff represents that this exposure has resulted in the following health problems: abdominal cramps and pain, exacerbation of pre-existing asthma, shortness of breath, wheezing, rashes, skin itching, anxiety, headache, dizziness, and sinus disease.[4]

Plaintiff's case was originally part of the multidistrict litigation ("MDL") pending before Judge Carl J. Barbier.  Her case was severed from the MDL as one of the "B3" cases for plaintiffs who either opted out of, or were excluded from, the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement.[5]  Plaintiff opted out of the settlement.[6]  After plaintiff's case was severed, it was reallocated to this Court.  Plaintiff asserts claims for maritime negligence against the defendants as a result of the oil spill and its cleanup.[7]

The BP parties move for summary judgment, asserting that because plaintiff failed to timely provide expert evidence on causation, plaintiff is unable to carry his burden on the issue.[8]  Plaintiff opposes the motion.[9]

---

[3]   R. Doc. 1-1 at 8-9.
[4]   R. Doc. 38-2 at 1.
[5]   *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mex., on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *2, 12 & n.12 (E.D. La. Apr. 1, 2021).
[6]   R. Doc. 1-1 at 2.
[7]   R. Doc. 17 ¶¶ 19-49.
[8]   R. Docs. 38 & 38-1 at 1-2.
[9]   R. Docs. 39.

The Court considers the parties' arguments below.

### A. Legal Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

B.  **Discussion**

Here, plaintiff submitted expert reports on August 9, 2023, after the July 28, 2023, expert disclosure deadline and after the defendants filed the motion for summary judgment. The Court considers four factors in determining whether to exclude expert evidence as a sanction for violating a scheduling order: (1) the explanation for the failure to meet scheduled deadlines, (2) the importance of the testimony, (3) potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice. *Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020).

Plaintiff states only that he "never intended to disregard the Court's deadlines" and that the failure to provide the expert report on a timely basis was inadvertent.[10] Significantly, plaintiff acknowledges "that the expert opinions contained in [the late-filed] reports have already been excluded in

---

10    R. Doc. 39 at 1.

other cases and those cases were dismissed."[11] As to prejudice, plaintiff states that "[t]he production of export [sic] reports, timely or not, would not change the ultimate outcome."[12] Finally, plaintiff failed to request leave of the Court to provide the untimely expert reports or seek a continuance allowing him to do so. Accordingly, because plaintiff does not offer a compelling justification for missing the expert disclosure deadline, the proffered expert reports would be unlikely to change the outcome of the case, and plaintiff has not sought to continue the disclosure deadline, the Court finds that plaintiff's expert testimony should be excluded.

In their motion for summary judgment, defendants contend that they are entitled to summary judgment because plaintiff has not timely proffered expert evidence on causation.[13] Plaintiff has the burden of "prov[ing] that the legal cause of [his] claimed injury or illness is exposure to oil or other chemicals used during the response." *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mex., on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *11 (E.D. La. Apr. 1, 2021) (noting that B3 plaintiffs must prove

---

11    *Id.*
12    *Id.*
13    R. Doc. 38-1 at 1.

6

that their alleged personal injuries were "due to exposure to oil or other chemicals used during the oil spill response").

Expert testimony is required to establish general causation in toxic-tort cases like this one. *See McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 433-34 (5th Cir. 2020) (affirming summary judgment where plaintiff lacked admissible expert testimony on general causation); *see also Macon v. BP Expl. & Prod. Inc.*, No. 17-3548, 2022 WL 1811135, at *7 (E.D. La. June 2, 2022) (dismissing plaintiff's claims "[b]ecause expert testimony is required on [general causation]"). The Fifth Circuit has developed a "two-step process in examining the admissibility of causation evidence in toxic tort cases." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). First, plaintiff must show general causation, which means that she must show that "a substance is capable of causing a particular injury or condition in the general population." *Id.* Second, if the Court concludes that plaintiff has produced admissible evidence on general causation, it must then determine whether plaintiff has shown specific causation, in other words, that "a substance caused [that] particular [plaintiff's] injury." *Id.* If the Court finds that there is no admissible general causation evidence, there is "no need to

7

consider" specific causation. *Id.* (citing *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1329 (10th Cir. 2004)).

Given that plaintiff has offered no admissible expert evidence, he cannot prove a necessary element of his claims against defendants, and his claims must be dismissed. *See Williams v. BP Expl. & Prod., Inc.*, No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019) ("When a plaintiff has no expert testimony to prove his medical diagnosis or causation at trial, the plaintiff's suit may be dismissed at the summary judgment stage."); *see also McGill*, 830 F. App'x at 434 (upholding the district court's grant of summary judgment given that the plaintiff did "not put forward any non-speculative evidence that Corexit and oil exposure cause the types of illnesses he suffer[ed] from"). Accordingly, the Court grants defendants' motion for summary judgment.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS the BP parties' motion for summary judgment. Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __13th__ day of September, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE